UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| AUGUSTO CRUZ HERRERA, )<br>    Petitioner, )<br>)<br>    v. )<br>)<br>MICHAEL NESSINGER, )<br>*Superintendent, Donald W. Wyatt* )<br>*Detention Facility*; DAVID T. )<br>WESLING, *Acting Field Office* )<br>*Director, U.S. I.C.E.*; TODD M. )<br>LYONS, *Senior Official Performing the* )<br>*Duties of the Director, U.S. I.C.E.*; )<br>MARKWAYNE MULLIN, *Secretary of* )<br>*Homeland Security*; and TODD )<br>BLANCHE, *Acting Attorney General of* )<br>*the United States*, )<br>    Respondents. )<br>) | No. 26-cv-237-JJM-PAS |

ORDER

Augusto Cruz Herrera has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  ECF No. 1 at 7-8.  Mr. Cruz Herrera also contends that he is a member of the class (the "*Guerrero Orellana* class") recently certified by Judge Patti B. Saris of the U.S. District Court for the District of Massachusetts, and he seeks enforcement of his rights as a member of that class.  *Id.* at 2-3; *see Guerrero Orellana v. Moniz*, 813 F.

Supp. 3d 185 (D. Mass. 2025), *appeal docketed*, No. 26-1094 (1st Cir. Jan. 26, 2026).

This class is composed of:

> All people who are arrested or detained in Massachusetts, or are detained in a geographical area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court, or who are otherwise subject to the jurisdiction of an Immigration Court located in Massachusetts, where:
>
> (a)  the person is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);
>
> (b)  for the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States and has not alleged that person was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry or after continuous detention upon arrival;
>
> (c)  the person does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);
>
> (d)  the person is not subject to post-final order detention under 8 U.S.C. § 1231; and
>
> (e)  the person is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

*Guerrero Orellana*, 813 F. Supp. 3d at 198-99.

In its Response, the Government states that the legal issues presented in this case are like those recently addressed by this Court in *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025). ECF No. 4 at 1-2. Though the Government notes some disagreement with that decision,[1] it

---

[1] Specifically, the Government cites recent decisions from the Eighth and Fifth Circuits that are to the contrary. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026);

acknowledges that should the Court follow its reasoning in *Tomas Elias*, it would likely reach the same result in Mr. Cruz Herrera's case. *Id.* at 1-2.

With respect to Mr. Cruz Herrera's contention that he is a part of the *Guerrero Orellana* class, the Government does not raise much of an objection and simply states that this legal issue is like one recently addressed by Judge F. Dennis Saylor IV of the U.S. District Court for the District of Massachusetts. ECF No. 4 at 1-2; *see Martins de Oliveira v. Hyde*, No. 25-13940-FDS, 2026 WL 74111 (D. Mass. Jan. 9, 2026). In that case, Judge Saylor held that a noncitizen detainee belonged to the *Guerrero Orellana* class because he: (1) was detained in Massachusetts; (2) was not placed in expedited removal proceedings; (3) was neither admitted nor paroled into the United States; (4) is not subject to mandatory detention under 8 U.S.C. § 1226(c); (5) is not subject to post-final order detention under 8 U.S.C. § 1231; and (6) his most recent arrest did not occur at the border when he was arriving in the United States. *Martins de Oliveira*, 2026 WL 74111, at *2. Here too, the Government concedes that should the Court apply the reasoning of *Martins de Oliveira* to this case, it would likely reach the same result as Judge Saylor. ECF No. 4 at 2.

The reasoning provided in *Tomas Elias* and *Martins de Oliveira* remains correct. As such, the Court finds that Mr. Cruz Herrera's detention is unlawful, and

---

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Of course, those decisions are not binding on this Court, and the Court does not find them to be persuasive. The Court is instead persuaded by the Seventh Circuit's position on the issue. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that the Government was unlikely to succeed on the merits of its argument that 8 U.S.C. § 1225(b)(2)(A) permits the mandatory detention of any noncitizen who is unlawfully already in the United States).

3

that he is entitled to immediate release and a bond hearing before an IJ.  In addition, for the same reasons stated by Judge Saylor, the Court finds that Mr. Cruz Herrera is a member of the *Guerrero Orellana* class. *See Martins de Oliveira*, 2026 WL 74111, at \*2.  Mr. Cruz Herrera's petition is therefore GRANTED.  ECF No. 1.

The Government is hereby ORDERED to **release Augusto Cruz Herrera immediately**.  Per its request, the Government is permitted to transfer Mr. Cruz Herrera to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property.  ECF No. 4 at 1 n.1.  However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.*  Because the Government did not have the lawful authority to detain Mr. Cruz Herrera in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing.  *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at \*3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government  because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").  Effectuating Mr. Cruz Herrera's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Augusto Cruz Herrera with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order.  Should it choose to pursue Mr. Cruz Herrera's continued detention, the Government must show why less restrictive alternatives to detention would be

4

inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Cruz Herrera's bond hearing, stating whether he has been granted bond. If Mr. Cruz Herrera's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Cruz Herrera has been re-detained by ICE.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

April 27, 2026

5